MICHALSON v. MYRICK.

DEED—MERGER—FRAUD.—A, in consideration of love and affection, in 1880, conveyed lands to his wife for life, as trustee for his children, with remainder to the *cestui que trust* for life.    In 1890–2, he became indebted to B.    B sued in March, 1894, and obtained judgment in November, 1894.    After service of summons and complaint, A, whose wife was then dead, conveyed the same lands to the same children in fee, reserving life interest to himself.    *Held*, that the last deed was null and void, and that the life estate of the first deed did not merge into the fee of the last.

Before ALDRICH, J., Barnwell, March, 1896.    Affirmed.

Action by Esther Michalson against Smart Myrick, sr., Smart Myrick, jr., J. Angus Myrick, and David Myrick, for possession of real estate. All issues, by consent, were referred to the master, who made the following report:

The master, to whom the above cause was referred to hear and determine all of the issues, both of law and fact, begs leave to report:

This is an action for the recovery of real estate, the plaintiff basing her right to recover upon a deed executed by the sheriff of Barnwell County, bearing date the 4th day of February, 1895. The defendant, Smart Myrick, sr., in his answer, sets up two defenses: First, a general denial; and second, that he is entitled to a homestead in the land mentioned and described in the complaint. The defendants, Smart Myrick, jr., J. Angus Myrick, and David Myrick, by their answer, put in a general denial, and plead the statute of limitations. The facts, as they appear from the evidence, are as follows:

Finding of fact: I. That on the 2d day of January, A. D. 1880, the said defendant, Smart Myrick, sr., being the owner in fee of the lands mentioned and described in the complaint herein, in consideration of natural love and affection, made and executed a deed thereof to his wife, Matilda Myrick, and to his sons, Smart Myrick, jr., J. Angus Myrick, and to his grand-son, David Myrick. The habendum clause of said deed reading as follows: "To have and to hold all and singular the said premises unto the said Matilda Myrick, trustee as aforesaid, for and during the term of her natural life, and at her death to be equally divided between my said sons, Smart and J. Angus, and my grand-son, David Myrick, share and share alike, the child of any deceased child to take the share the parent would take if living at the time of the death of the said Matilda Myrick." The word "heirs" does not appear in said deed except in the warranty clause.

II. It further appears from the record in the case of Isaac Michalson *v.* Smart Myrick, sr., that the said Smart Myrick, sr., became largely indebted to the said Isaac Michalson

and others during the years 1890, 1891, and 1892, and that action was commenced thereon on the 10th day of March, 1894, and that on the 4th day of November, 1894, judgment was duly rendered in favor of the said Isaac Michalson against the said Smart Myrick, sr., for the sum of $722. Execution was duly issued on said judgment and lodged with the sheriff of said county for enforcement. Thereafter the said sheriff levied upon the property mentioned and described in the complaint as the property of the said Smart Myrick, sr., to satisfy said execution, and after due and legal advertisement sold said property at public auction on the 4th day of February, 1895, to the plaintiff, Esther Michalson, for the sum of $510. The plaintiff complied with her bid upon the day of sale, and the sheriff thereupon executed and delivered to her his deed of conveyance to said property.

III. That the said Matilda Myrick, wife of the said Smart Myrick, sr., died on or about the      day of August, 1890.

IV. The master also finds that soon after the summons and complaint in the action of Isaac Michalson *v.* Smart Myrick, sr., was served upon the said Smart Myrick, sr., that he, for the purpose of evading the payment of said debt, and defrauding his said creditor, executed and delivered a deed of conveyance of the land mentioned and described in the complaint herein to his codefendants, the consideration expressed in said deed being for natural love and affection and the sum of three dollars. The habendum clause in said deed being as follows: "To have and to hold all and singular the premises unto the said Smart Myrick, jr., Angus Myrick, and Dave Myrick, the last mentioned one (Dave Myrick) to only take one-fourth of said estate, their heirs and assigns forever. Provided, always and nevertheless, it is the true intent and meaning of the presents, that I, the said Smart Myrick, sr., am to retain the possession of the said tract of land for and during my natural life. And provided, further, that the true intent and meaning of these presents that the said Smart Myrick, jr., and

Angus Myrick are to hold their shares of said estate (after my death) for and during their natural lives, and after their death to the lawful issue of their body. And provided, further, that the share of the said Dave Myrick, after his death, shall descend to his heirs at law." Said deed is dated the    day of April, 1894, and was duly probated on the 13th day of April, 1894, and recorded in the office of R. M. C. for said county on the same day.

V. That the land mentioned and described in the complaint is worth about $800.

VI. It further appears from the evidence that Smart Myrick, sr., is about eighty years old, and that he has never married since the death of his wife, the said Matilda Myrick, and has no children except his codefendants herein, and that his codefendants are all over twenty-one years of age and the heads of families, and that they and their families are in possession of the land in dispute, and that the said Smart Myrick, sr., is living with and being supported and cared for by his said codefendants.

Matters of law: I. That there being an entire absence of words of inheritance in the deed of 1880 from Smart Myrick, sr., to his wife, Matilda Myrick, and his codefendants in this action, that the said Matilda Myrick took only a life estate in the land mentioned and described in the complaint herein, with remainder after her death to the defendants, Smart Myrick, jr., J. Angus Myrick, and Dave Myrick, during their lives, the fee remaining in the grantor, Smart Myrick, sr.

II. That the execution and delivery by Smart Myrick, sr., to his codefendants of the deed dated the    day of April, 1894, operated as a legal fraud upon the rights of his creditors to have the land mentioned and described therein subjected to the payments of his debts, he being at that time largely indebted, and said deed having been executed for the purpose of evading payment of the same, and the consideration expressed therein being only for love and affection. Said deed is, therefore, null and void, and con-

veyed no estate to the parties therein named, but their interests remained as they were prior to the execution of said deed.    See *Suber* v. *Chandler*, 18 S. C., 528–529; *Ferguson* v. *Harrison*, 41 S. C., 341.

III.  That at the sale made by the sheriff on the 4th of February, 1895, in the case of *Isaac Michalson* v. *Smart Myrick, sr.*, of the land mentioned and described in the complaint, the purchaser, the plaintiff in this action, took only the interest that the defendant, Smart Myrick, sr., had therein, which was the fee, the life estate remaining in his codefendants, and that by said sale the plaintiff, Esther Michalson, was subrogated to all of the rights of the plaintiff in execution.    See *McGee* v. *Jones*, 34 S. C., 147.

IV.  That this being an action strictly upon the law side of the Court to recover possession of land, it was not necessary for the sheriff to make a return of *nulla bona* upon the execution in the case of *Isaac Michalson* v. *Smart Myrick, sr.*, but that he could proceed to sell said land as being the property of said defendants.    See *Thomas & Ashby* v. *Jeter*, 1 Hill, 380; *Smith* v. *Culbertson*, 9 Rich., 106.

V.  That the defendant, Smart Myrick, sr., is not entitled to a homestead in the land in dispute, he not being the head of a family, in the meaning of the Constitution of this State; and if he were the head of a family, he would not be entitled to a homestead in said land, as possession of the same could not be given to him, he having conveyed the life estate therein to his codefendants under the deed of 1880.

At the argument of this case before the master, the plaintiff's counsel, in substance, contended that the codefendants of Smart Myrick, jr., took a life estate under the deed of 1880 and the fee under the deed of 1894, and that when the two estates met, merger took place, and that thereupon all rights of the parties under the deed of 1880 were destroyed. They then proceeded to remove the deed of 1894 from the path of their client's right to recover, by showing that said deed was null and void, on the ground that it operated as a legal fraud upon the rights of the creditors of the said

Smart Myrick, sr.   Having disposed of the deed of 1894
by declaring it null and void, they then contended that the
plaintiff, Esther Michalson, took both the life estate and
fee in said land under the sale made by the sheriff, and that
she is, therefore, entitled to the possession of same.   There
is no doubt the codefendants of Smart Myrick, sr., took a
life estate under the deed of 1880, and would have taken
the fee under the deed of 1894 if it had not been null and
void, and also that merger of the two estates would have
taken place, provided said deed had been valid.    But said
deed being void *ab initio*, merger did not take place; and
even admitting that merger did take place, it was only
temporary, and as soon as the deed of 1894 was declared
null and void, the life estate and the fee would have sepa-
rated and the parties reinstated to their rights as they ex-
isted under the deed of 1880.   If the deed of 1894 is null
and void as to one, it is null and void as to all.   It cannot
be held to be null and void as to the plaintiff's rights and
not null and void as to the rights of the defendants prior to
its execution.

The plaintiff cannot blow hot and cold at the same time.
It is difficult to understand how the codefendants of Smart
Myrick, sr., could have lost the life estate in said lands by
merger under a deed that is null and void.   When a deed
is declared null and void, it must be considered as having
never existed, and without force or effect.   The correct
mode of arriving at a solution of this matter is as follows:
What interest did Smart Myrick, sr., have in said land be-
fore he made the deed of 1894, and which was subject to
levy and sale for the payment of his debts?   It is admitted
that he had only the fee, the life estate being in his code-
fendants.   Therefore, when he executed said deed of 1894,
he merely conveyed to the grantees therein the fee and
nothing more; and if said deed is null and void, then the
purchaser at sheriff's sale took only the interest that the
said Smart Myrick, sr., held in said land prior to the exe-
cution of said deed.   The mere fact that Smart Myrick, sr.,

stated in the deed of 1894 that he reserved a life estate in said land to himself did not give it to him, for it was not his to reserve, as he had previously, under the deed of 1880, conveyed the life estate to his codefendants, and they never conveyed it back to him. The plaintiff's action is not brought upon the equity side of the Court, to have the deed of 1894 set aside and cancelled of record on the ground of fraud, but she has brought her action upon the law side to recover possession, treating said deed as being null and void, as having never existed. Therefore, it does seem strange that, although she claims that said deed is null and void, yet she in the same breath claims that it conferred a greater estate upon herself than Smart Myrick, sr., really had in said land himself.

It will be well to state here, that the defendants did not introduce the deed of 1894 in evidence, and do not claim under it, but that the same was introduced in evidence by the plaintiff. The master, therefore, in brief concludes as follows: That the plaintiff, Esther Michalson, is not entitled to recover possession of the land mentioned and described in the complaint herein, and that she be required to pay the costs of this action.

This report came before Circuit Judge on various exceptions by plaintiff. The following is his decree:

This action came before this Court upon the pleadings, the report of the master, and exceptions thereto filed by plaintiff. After mature consideration, I am of the opinion that the report of the master is correct, and that exceptions thereto should be overruled. I think that the conclusion of the master can be supported upon grounds other than those stated by him, but I need not refer to them, as the report is sufficient. Wherefore, it is ordered, adjudged, and decreed, that the exceptions of the plaintiff to the conclusions of the master herein be, and hereby are, overruled and dismissed, and that said conclusions are hereby adopted and made the judgment of this cause, and the complaint herein is dis-

missed. This order does not affect, nor is it intended to affect, the questions of the fee in the land and plaintiff's right to the possession thereof, if any, before the termination of the life estate now held by Smart Myrick, jr., J. Angus Myrick, and David Myrick, defendants above named.

*Messrs. Patterson & Holman,* for appellants, cite: 16 S. C., 330; 28 S. C., 496; 18 S. C., 529; 38 S. C., 277; 5 Rich. Law, 545.

*Mr. J. E. Davis,* contra, furnished Reporter with no argument.

July 22, 1896. The opinion of the Court was delivered by

MR. JUSTICE GARY. The following statement of facts appears in the "Case:" This action was commenced on the 14th day of February, 1895, by the service of the summons and complaint. The said complaint was in the usual form for the recovery of real estate, and alleged that the plaintiff was seized in fee of the land herein described, and that the defendants were in possession thereof, and withheld the same from the plaintiff wrongfully. The description of the land in the said complaint was the same as that mentioned and described in the sheriff's deed herein. The defendant, Smart Myrick, sr., answered the said complaint, and denied the allegations thereof; and for a second defense he set up that he was the head of a family, and entitled to a homestead under the laws of this State. The other defendants answered and denied the allegations of the complaint, and set up the statute of limitations as a bar to the plaintiff's action, and alleged that they were in possession. A jury trial was waived in the manner allowed by law, and by consent all the issues both of law and fact were referred to the master to hear and determine. The master filed his report, and fully set forth all the facts necessary to a full understanding of the cause. The sheriff made return that he could find no other lands belonging to Smart Myrick, sr., before he levied upon the land in dispute. The report of the master

and the order confirming the same will be set out in the report of the case.

The exceptions raise substantially but the single question, whether merger took place when Smart Myrick, sr., delivered the second deed of conveyance to the other defendants herein.

Merger is not favored either in the courts of law or of equity. "At law, when a greater and lesser, or a legal and equitable, estate coincide in the same person, the lesser or equitable estate is immediately merged and annihilated. But this rule is not inflexible in equity; whether or not a merger takes place depending upon the intention of the parties and a variety of other circumstances. Notwithstanding the technical rule of law, equity will prevent or permit a merger, as will best subserve the purposes of justice and the actual and just intention of the parties; and, in the absence of an expression of intention, if the interest of the person in whom the several estates have united, as shown from all the circumstances would be best subserved by keeping them separate, the intent will ordinarily be implied. * * * A merger will be prevented by equity only, however, for the purpose of promoting substantial justice; it will not prevent a merger where such prevention would result in carrying a fraud or other conscientious wrong into effect." Enc. of Law, vol. 15, p. 314–15; *Boykin* v. *Ancrum*, 28 S. C., 486; *Mangum* v. *Piester*, 16 S. C., 330. The master finds as matter of fact, "that soon after the summons and complaint, in the action of Isaac Michalson *v.* Smart Myrick, sr., were served upon the said Smart Myrick, sr., that he, for the purpose of evading said debt and defrauding his said creditor, executed and delivered a deed of conveyance of the land mentioned and described in the complaint herein to his codefendants, the consideration expressed in said deed being for natural love and affection and the sum of $3." The testimony is not set out in the "Case," and even if it should be admitted that the exceptions are sufficient in form to raise a question as to the

20—47

finding of fact by his Honor, the Circuit Judge, that there was actual and moral fraud in the execution of said deed of conveyance, still this Court, in the absence of the testimony in the case, must assume that it was of such a nature as to sustain the finding of fact by the Circuit Judge. *Greenville* v. *Eichelberger*, 44 S. C., 351. We will now proceed to consider whether merger took place, when the facts show that at the time said deed was executed it was the purpose of Smart Myrick, sr., to evade the payment of his debt and to defraud his creditor hereinbefore mentioned. The difference in effect between actual and legal fraud is thus expressed in *Suber* v. *Chandler*, 18 S. C., 528, to wit: "* * * It has been held by our courts, that while a voluntary conveyance of property is not of itself fraudulent, even by one in debt, yet if it was intended to hinder, delay, and defeat present creditors, or shall ultimately have that effect, it will be held fraudulent and void. If, at the time of its execution, the wrong was intended, the fraud is positive and active, and attaches to the act at that moment. If, however, no wrong was then intended, and the conveyance becomes injurious to creditors afterwards, because at some future time the grantor's property has failed to meet the just demands of the creditors, whose claims existed at the time of the deed, then a passive and legal fraud is developed, which, attaching to the deed, renders it void—not from the beginning, but at that moment." If, as the authorities show, the said deed was null and void *ab initio*, then there was not a meeting of a greater and a lesser estate in the same persons, and, consequently, merger did not take place. The exceptions are, therefore, overruled.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.