## LIPSCOMB v. GOODE.

1. MORTGAGE.—AN EQUITABLE interest in land by contract of purchase, is the subject of mortgage.

2. WAIVER.—No evidence here that defendant has waived his interest in the premises in favor of plaintiff.

3. MERGER.—IN EQUITY the legal doctrine of merger will or will not be applied, as the intention of the parties indicate, or as attendant circumstances would or not make its application equitable.

Before KLUGH, J., Greenwood, September, 1898. Reversed.

Action by E. M. Lipscomb & Co. against Rufus Goode, Jackson Goode, Frederick Goode, Geo. H. Taylor, and Thomas Waller. The Circuit decree is as follows:

This is an action for foreclosure of a mortgage of real estate. It was referred to the master to take the testimony and report it to the Court. The case was heard by me on the pleadings and the evidence reported by the master at the regular August term of the Court for Greenwood County. From said evidence I find the following facts: 1. That in about 1887 or 1888, the defendants, Rufus Goode, Jackson Goode and Frederick Goode, bought from J. P. Phillips the land hereinafter described, at the price of $1,530, taking from him a bond for titles and giving to him their obligation for the purchase money. 2. That they made to said J. P. Phillips sundry payments on the debt due for said land, and that on December 23, 1889, there was a balance due on said debt of $1,175. 3. That on that day, December 23d, 1889, the defendant, George H. Taylor, at the request of the

Goodes, bought from said J. P. Phillips his interest in said tract of land for the benefit of the Goodes.    4.  That the consideration expressed in the deed from J. P. Phillips to George H. Taylor was $1,175, but the amount paid to said Phillips by said Taylor was $1,000.    5.  That on January 1st, 1890, the said George H. Taylor made to said Rufus Goode, Jackson Goode and Frederick Goode his bond for titles, wherein he agreed to convey said land to them upon payment by them within five years of the sum of $1,175, with interest at ten per cent. per annum.    6.  That said Rufus Goode, Jackson Goode and Frederick Goode paid off and took up the first note for $393.75, due January 1st, 1891, and also made a payment of $34.55 on the second note, due January 1st, 1892.    This latter payment was made in December, 1892.    7.  That on March 22d, 1892, the said Rufus Goode, Jackson Goode and Frederick Goode executed to the plaintiffs there promissory note, payable one day after date, for $500, and on the same day made their mortgage deed as collateral to secure the payment of the said note, and thereby conveyed to the plaintiff all their right, title and interest in the property hereinafter described.    8.  That the said mortgage was on the same day duly recorded in the office of the register of mesne conveyances for Abbeville County, in which county the said mortgage premises were then situated.    9. That the said mortgage was executed with the knowledge and consent of the said George H. Taylor, whose permission was requested by the Goodes, and with the knowledge and in the presence of the defendant, Thomas Waller.    10.  That a settlement was had by the plaintiffs and the Goodes on January 1st, 1895, by which it was ascertained that there was then due on said mortgage debt the sum of $122.29, with interest thereafter at eight per cent. per annum, as provided by said note.    11.  That no part of said sum of $122.29 has been paid.    12.  That on January 1st, 1895, the Goodes not having made any further payment on the purchase money of the land than those above set forth, a written agreement was entered into by the Goodes and the said George H. Taylor,

by which the Goodes rented the said tract of land from the said George H. Taylor for the year 1895, and promised to pay him therefor 2,000 pounds of lint cotton. 13. That on the 23d day of September, 1895, the said George H. Taylor made to the said Thomas Waller a deed to the said tract of land, taking from him a mortgage for the purchase money, or a part of it. 14. That on January 1st, 1896, the said George H. Taylor put said Thomas Waller in possession of said tract of land, and that he now has possession of the same. I find, as conclusions of law: 1. That at the time of the execution of the mortgage in question, the mortgagors, Rufus Goode, Jackson Goode and Frederick Goode, had an equitable interest in the land, which they had a right to mortgage to the plaintiffs. 2. That the mortgage which they executed to the plaintiffs is a valid lien and binding upon the land, by reason of the fact that they had the legal right to make the same, and for the further reason that the then holder of the legal title, the defendant, George H. Taylor, consented to the execution of the same. 3. That the defendants, George H. Taylor and Thomas Waller, are not purchasers for value and without notice, for the reason that they knew of the mortgage of the plaintiffs at the time it was executed, and that the same was duly recorded before either Taylor or Waller got possession of the tract of land. 4. That so soon as George H. Taylor took possession of the tract of land by virtue of his rent contract with the Goodes, on January 1st, 1895, he became clothed with the complete legal and equitable title to said tract of land, and his claim thereon for the purchase money became merged in such title, leaving the mortgage of the plaintiffs in full force and effect. 5. That there is now due on said mortgage debt the sum of $157.95. 6. That the plaintiffs are entitled to foreclosure of said mortgage as against all said defendants. The remaining portion of the decree of foreclosure is in the usual form.

Defendants Taylor and Waller are appellants.

*Messrs. Giles & Magill,* for appellants, cite: *Plaintiffs should have paid amount due on contract purchase price, and required Taylor to convey to them:* 12 Rich. Eq., 345; 31 S. E. R., 319; 95 Ill., 45. *As to merger:* Bail. Eq., 334; 24 S. C., 18; 20 S. C., 24.

*Mr. Ellis G. Graydon,* contra, cites: *Vendees had right to mortgage their interest in the land:* 20 S. C., 23; 12 Rich. Eq., 343. *As to merger:* 26 S. C., 429; 16 S. C., 255.

April 4, 1900. The opinion of the Court was delivered by

MR. JUSTICE POPE. This is an action to foreclose a mortgage of land described in the complaint. The facts are set out in the decree of his Honor, the Circuit Judge, which will be reported. The appellants' exceptions will not be considered in detail, but under the classification of the questions raised by them, made by the respondents' attorney, to wit: "1. Did Rufus Goode and others have the right to mortgage their interest in the land in question to the plaintiffs? 2. Is the appellant, George H. Taylor, with his grantee, Thomas Waller, estopped from disputing the validity of the said mortgege? 3. Was the equitable interest of the defendant, George H. Taylor, merged in his legal title to the mortgaged premises?"

We will first consider whether the equitable interest of Rufus Goode and others was the subject of a mortgage? This question is so conclusively settled by the case of *Lake* v. *Shumate,* 20 S. C., 23, and the cases therein cited, that we deem it only necessary to refer to that case to show that there was no error ·on the part of the Circuit Judge in ruling that the said equitable interest could be mortgaged. The exceptions raising this question are overruled.

The Court will next consider whether there was error on the part of the Circuit Judge in deciding that George H. Taylor and Thomas Waller were estopped from disputing

the validity of the said mortgage. The following is the testimony of the witnesses upon this question: Rufus Goode says: "I got burned out, and went to Mr. Taylor to see if he would help me out, and told Mr. Taylor Mr. Lipscomb would get me a pair of mules if I would give him a second mortgage on the place. Mr. Taylor said there was nothing wrong about that—if Mr. Lipscomb would get the mules, let him get them. (Objected to by defendants' attorney.) Mr. Taylor said he was willing for me to give the mortgage, if Mr. Lipscomb would get me the mules. (Objected to by defendants' attorney.) I had this conversation with Mr. Taylor before I gave the mortgage to Mr. Lipscomb."

E. M. Lipscomb testifies: "I never had any talk with Mr. Taylor, I took a second mortgage, and there remains now $122.29, with eight per cent. interest from January 1st, 1895. Cross-examined: I had no conversation with Mr. Taylor before taking the mortgage. Rufus Goode showed me receipt from Mr. Taylor. I do not remember any conversation with Mr. Taylor. I understood Mr. Taylor had a first mortgage. I never made Mr. Taylor any offer to pay him the amount due on his mortgage, the purchase money of the land. I don't know when Mr. Taylor sold the land to Thomas Waller. I don't remember to have had any conversation with Thomas Waller in reference to the amount due me on mortgage. I never offered to pay Thomas Waller the amount due by the Goodes on the mortgage for purchase money. The money advanced to the Goodes under my mortgage was $500. Goode told me Mr. Taylor was willing for me to take a mortgage on the land for the mules. I never saw Mr. Taylor in regard to the matter. The price of the mules was $300; the mules cost me $250. The Goodes paid me on the mortgage debt $377.71."

George H. Taylor, a witness for the defense, testifies: "When the Goodes were burned out, they came to me, and I told them they had better go to Mr. Lipscomb, as they had been running an account there. Rufus said something

about giving Mr. Lipscomb a mortgage, and I told him I had nothing to do with that. I did not know he had given him a mortgage; I never knew Goode had given a mortgage until this suit was started. Mr. Lipscomb never said anything to me about this mortgage. He never offered to pay me anything."

In reply, Jackson Goode testifies: "I was present when this mortgage to Lipscomb & Co. was executed. We three who signed were present, also Thos. Waller was present. Mr. L. Rice drew up the papers. Mr. Rice read these over and Thomas Waller was standing by. Rufus told Thomas Waller that he was going to give Mr. Lipscomb a second mortgage on the place for the stock." ·

We are unable to discover in the foregoing any testimony whatever that George H. Taylor waived his rights in the premises in favor of the plaintiff herein; on the contrary, the testimony shows that the mortgage executed in favor of the plaintiff was only intended as a lien upon the equitable interest of Robert Goode and others. The exceptions raising this question are sustained.

Lastly, we will consider whether his Honor, the presiding Judge, correctly applied the doctrine of merger. Even if the Goodes abandoned their contract with George H. Taylor, who was the owner of the legal title, and surrendered to him their equitable interests in the land, it does not necessarily follow that the Court would apply the doctrine of merger. This is a case on the equity side of the Court, and the rule in such cases is thus stated in *Michaelson* v. *Myrick,* 47 S. C., 299: "Merger is not favored either in the courts of law or of equity. 'At law, when a greater and a lesser or a legal and equitable estate coincide in the same person, the lesser or equitable estate is immediately merged and annihilated; but this rule is not inflexible in equity— whether or not a merger takes place, depending upon the intention of the parties, and a variety of other circumstances. Notwithstanding the technical rule of law, equity will prevent or permit a merger as will best subserve the purposes

of justice, and the actual and just intention of the parties; and in the absence of an expression of intention, if the interest of the person in whom the several estates have united, as shown from all the circumstances, would be best subserved by keeping them separate, the intent will ordinarily be implied * * * A merger will be prevented by equity only, however, for the purpose of promoting substantial justice; it will not prevent a merger, where such prevention would result in carrying a fraud or other conscientious wrong into effect.' Ency. of Law, vol. 15, pages 314, 315; *Boykin* v. *Ancrum,* 28 S. C., 486; *Morgan* v. *Piester,* 16 S. C., 330." At the time, however, it is claimed the Goodes abandoned their contract and surrendered their equitable rights aforesaid, there was a subsisting lien on the equitable interests, to wit: the mortgage executed by them in favor of the plaintiffs. The mortgage was not a lien on the land, but only on the equitable interests of the Goodes. It could not be foreclosed on the land but on the equitable interests of the Goodes, and the only relief to which the plaintiffs were entitled, as against George H. Taylor, was to have title made to them upon payment of the balance due by the Goodes. The relief to which they were entitled as against the Goodes was to have it adjudged that they had no farther interests in the premises. *Lake* v. *Shumate, supra.* To apply the doctrine of merger would destroy the foundations upon which the plaintiffs' mortgage rests. If merger should be allowed in this case, it would enable the Goodes to destroy the rights of third parties, to wit: the mortgage executed in favor of the plaintiffs.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.