## GLENN v. RUDD.

MERGER—MORTGAGES—PAROL.—A contract against merger and satisfaction of a mortgage upon conveyance by mortgagor to mortgagee need not necessarily be inserted in the conveyance, but may rest in parol.

Before KLUGH, J., Saluda, May, 1903. Reversed.

Action by Lizzie Glenn against W. G. Rudd for dower. From Circuit order sustaining judgment of probate Court, in sustaining demurrer to answer, defendant appeals.

*Messrs. E. S. Blease* and *G. T. Graham,* for appellant, cite: 5 S. C., 87; 5 Rich. Eq., 180; 27 S. E., 771; 37 S. E., 817, 124; 17 S. E., 996; 21 S. E., 449; 31 S. E., 212; 24 S. C., 320; 2 S. E., 320; 4 S. E., 224; 24 S. C., 22; 2 Pom. Eq. Jur., sec. 791; Jones on Mortg., sec. 848; 111 U. S., 744.

*Messrs. B. W. Crouch* and *C. J. Ramage,* contra, cite: 24 S. C., 424; 26 S. C., 401; 27 S. C., 573; 111 U. S., 744; 20 S. C., 555.

January 18, 1904. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant sets up as one of his defenses to the plaintiff's complaint for dower, filed in the probate court for Saluda County, that in 1891, S. H. Rudd, his grantor, who was the real owner of the land, and her husband, C. F. Rudd, made a deed of conveyance covering the land described in the complaint to Berry Glenn, Jr., plaintiff's husband, who contemporaneously executed a mortgage to S. H. Rudd and her husband for the purchase money, upon which plaintiff renounced her right of dower; that Berry Glenn, Jr., being unable to pay the mortgage, reconveyed the land to S. H. Rudd, and that "at the time Berry Glenn, Jr., conveyed said premises unto the said S. H. Rudd, it was expressly stipulated and agreed by and between the said parties that the mortgage that was executed by Berry Glenn, Jr., to said S. H. Rudd and C. F. Rudd to secure the payment of the purchase money of said premises as aforesaid, should stand open to protect S. H. Rudd from dower and other liens and incumbrances thereon, and the defendant avers that said mortgage was not extinguished but still stands open and if plaintiff ever had any right of dower in said premises (which this defendant again specifically denies), the same is subordinate to the said mortgage." The plaintiff demurred to this defense, "for the reason that it is not alleged that said agreement and stipulation was in writing and contained in the deed from Berry Glenn, Jr., to Mrs. S. H. Rudd in the form of a covenant." The demurrer was sustained by the probate judge, and on appeal to the Circuit Judge, his judgment was affirmed.

There are a number of exceptions, but the decisive question is, whether an agreement that a mortgage shall not be merged in the title and be satisfied when the mortgagee takes title to the mortgaged property is without effect, unless reduced to writing and incorporated in the deed of conveyeance.

In the leading case of *Agnew* v. *R. R. Co.*, 24 S. C., 18,

it was held that an express agreement, which was inserted in the conveyance to the mortgagee, that the mortgage should remain open prevented merger and satisfaction of the mortgage. It is true, the Court said, in *Bleckeley* v. *Branyan,* 26 S. C., 424, 2 S. E., 319, "We cannot venture to go further in relieving a mortgagee who purchases the mortgage property than was indicated in the case of *Agnew* v. *R. R. Co., supra.* And in *Agnew* v. *Renwick,* 27 S. C., 572, 4 S. E., 82, it is said, the only exception to the rule recognized in this State, that the purchase of the mortgaged property by the mortgagee will extinguish the mortgage, is that established in *Agnew* v. *R. R. Co.* Both these cases, however, and *Navassa Guano Co.* v. *Richardson,* 26 S. C., 401, 2 S. E., 307, were decided on the ground that there was no evidence, either written or parol, of any agreement that the mortgage should remain open. The decision in *Agnew* v. *R. R. Co.* is based on the ground that there was an agreement that the mortgage should remain open. There is not the slightest intimation in the opinion that the fact that the agreement was evidenced by its insertion in the deed added anything to its efficacy. Taking the view adopted by our Court, it cannot be doubted it is the contract between the parties that prevents the merger. All parol contracts are valid unless required by statute to be in writing, and in the absence of any statutory provision, we can see no ground upon which a Court can hold that a contract against merger must be in writing or be inserted in a particular instrument.

The view taken in the cases above referred to, that an express contract is necessary under all circumstances to prevent satisfaction of the mortgage by conveyance to the mortgagee, seems to be at variance with that adopted in most other jurisdictions, and, indeed, not in accordance with the authorities cited with approval in the leading opinion in *Agnew* v. *R. R. Co.* Even in those States where, as in this State, the mortgagee has not title to the land, but merely a lien for the debt, it has been generally held that a merger will not result from conveyance of the land to the mortgagee,

where there is an intervening incumbrance, even where there is no evidence of any agreement to that effect, because, unless there is actual proof of an intention to satisfy the mortgage, it is presumed the mortgagee does not intend to release his security when it is necessary for his protection against such intervening incumbrance. *Scrivner* v. *Dietz* (Cal.), 24 Pac., 171; *Woodward* v. *Davis* (Iowa), 6 N. W., 74; *Gibbs* v. *Johnson* (Mich.), 62 N. W., 145; *Millspaugh* v. *McBride* (N. Y.), 34 Am. Dec., 360; *Hitchcock* v. *Nixon* (Wash.), 47 Pac., 412; *Insurance Co.* v. *Murphy*, 111 U. S., 745.

This view of merger seems to receive support from the opinions of this Court in *Michalson* v. *Myrick*, 47 S. C., 297; 25 S. E., 162, and *Lipscomb* v. *Goode*, 57 S. C., 182, 35 S. E., 493, though the rights of purchasing mortgagee were not involved in these two cases. Upon this question of presumption, we express no opinion, because it is not involved in this case, but in view of the adjudications in other jurisdictions and the apparent difficulty of reconciling the doctrine stated in *Michalson* v. *Myrick* and *Lipscomb* v. *Goode,* with that held in *Agnew* v. *Renwick, Bleckeley* v. *Branyan* and *Navassa Guano Co.* v. *Richardson,* we are certainly unwilling to extend the rule laid down in the three cases last mentioned by holding that the contract against merger and satisfaction of a mortgage by conveyance to the mortgagee must necessarily be in writing and inserted in the conveyance.

The judgment of this Court is, that the judgment of the Circuit Court be reversed.